# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| CAROLYN DANIELS,          ) | |
|      Plaintiff,          ) | |
|                       ) | |
| v.                          ) | No. 3:11-CV-82 |
|                       ) | (Phillips) |
| DEPOSITORS INSURANCE COMPANY,   ) | |
|      Defendant.         ) | |

## MEMORANDUM AND ORDER

Plaintiff has brought this action against defendant for losses sustained to her home after a fire on January 14, 2010. This matter is before the court on various motions filed by the parties: (1) defendant's motion to dismiss for failure to prosecute; (2) plaintiff's motion to substitute party; and (3) plaintiff's motion to amend complaint.

## I. Background

Plaintiff filed her original complaint on January 13, 2011, in the Circuit Court for Roane County, Tennessee. Defendant timely removed the action to this court on February 16, 2011, and filed its answer on March 9, 2011. Thereafter, the court set the matter for trial on January 28, 2014, and entered a scheduling order. Plaintiff's counsel, Andrew N. Hall, moved to withdraw as counsel for plaintiff on October 17, 2011, and the court granted the motion, leaving plaintiff to proceed *pro se*. Approximately one year later, on October 10, 2012, counsel for defendant mailed a letter to plaintiff's residence with a

copy faxed to plaintiff's presumed employer to propose a discovery plan.  Defendant avers that plaintiff did not respond to the proposed discovery plan or agree to participate in a discovery planning meeting as required by Rule 26(f), Federal Rules of Civil Procedure. Defendant states that neither initial disclosures nor written discovery have been exchanged by the parties.

On November 1, 2012, defendant filed a motion to dismiss plaintiff's complaint for lack of prosecution.   On November 8, 2012, Dan Stanley entered a notice of appearance as counsel for plaintiff.   On March 5, 2013, defendant filed a notice of death, informing the court that plaintiff Carolyn Daniels died on or about January 17, 2013. Counsel for plaintiff has moved to substitute Edward G. White III, as plaintiff in place of Carolyn Daniels, pursuant to Rule 25, Federal Rules of Civil Procedure.

## II.  Motion to Substitute Party

Counsel for plaintiff has moved to substitute Edward G. White III, as plaintiff in place of Carolyn Daniels, pursuant to Rule 25, Federal Rules of Civil Procedure.  In support of the motion, counsel states that Carolyn Daniels died on January 17, 2013.  On May 21, 2013, Edward G. White III, was appointed Administrator Ad Litem for the Estate of Carolyn Daniels.

Defendant opposes the motion on the ground that plaintiff has failed to prosecute the case for over two years.  Defendant states that it will be unfairly burdened

if forced to prepare for a trial on January 28, 2014, due to the failure of plaintiff to engage in discovery.

The court finds that any prejudice to defendant for the delay in this case is outweighed by the prejudice plaintiff will suffer if plaintiff is not allowed to proceed with the lawsuit. Any prejudice to defendant can be remedied by a continuance of the trial date if the parties need additional time to prepare the case for trial. However, a continuance at this time would be premature, as the parties have not yet engaged in discovery. If, after engaging in discovery, either party needs additional time to get the case ready for trial, that party can move the court for a continuance of the trial date.

### III. Defendant's Motion to Dismiss

Defendant has moved the court for an order under Rule 41(b) dismissing plaintiff's complaint for plaintiff's failure to follow the scheduling order entered in this case and for failure to respond to defendant's efforts to engage in discovery.

As noted by defendant, the district courts have the "inherent power" to clear their dockets of cases that are "dormant because of the inaction or dilatoriness of the party seeking relief." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1962). Such power is found in Rule 41(b) of the Federal Rules of Civil Procedure which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

3

F.R.C.P. 41(b). Factors to be considered in deciding to dismiss a case for failure to prosecute under Rule 41(b) include whether the party's failure is due to willfulness, bad faith, or fault and whether the adverse party was prejudiced by the dismissed party's conduct. *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999).

Defendant argues that plaintiff failed to comply with the court's scheduling order and participate in the Rule 26(f) planning process or to make any initial discovery disclosures. Such failures have caused a substantial delay and have prejudiced defendant's defense of the case. Defendant seeks dismissal of the case for plaintiff's failure to prosecute.

Plaintiff opposes defendant's motion, disputing that Carolyn Daniels received any request from defense counsel to exchange initial disclosures or engage in a Rule 26(a) meeting. Dan Stanley and Eric Foust have recently been retained to represent plaintiff in this case. Counsel for plaintiff states that initial disclosures will be provided, and a Rule 26(f) meeting conducted after the court rules on the instant motion. Counsel also states that the case can be prepared for trial which is scheduled for January 28, 2014, without any harm or prejudice to defendant. Counsel further states that plaintiff would be severely prejudiced if the case is dismissed.

As stated above, the court agrees that plaintiff were be severely prejudiced if the case is dismissed and that prejudice outweighs any prejudice to defendant from the delay in the prosecution of the case. The court expects that since plaintiff now has counsel,

4

the parties will be able to conduct the Rule 26(f) meeting, conduct discovery, and proceed to get the case ready for trial. Accordingly, the court will **DENY** defendant's motion to dismiss the case for plaintiff's failure to prosecute.

## IV. Motion to Amend Complaint

Plaintiff moves the court for leave to amend the complaint to add a claim for bad faith pursuant to Tenn. Code. Ann. § 56-7-105. In support of the motion, plaintiff would show that before her death, Carolyn Daniels complied with the Bad Faith statute and requested full payment of the policy in question, and sixty (60) days have since passed without payment from defendant.

Defendant opposes the motion arguing that under Tennessee law, Carolyn Daniels' claim for bad faith does not survive her death; therefore, the proposed amendment to the complaint is futile. Defendant states that the Tennessee Supreme Court has found that a bad faith claim by an insured is really a claim "based on fraud." *Carne v. Maryland*, 346 S.W.2d 259, 262 (Tenn. 1961). The "legal cause of action for fraud does not, according to the general rule, survive the death of a defrauded person or that of the wrongdoer." *Id.*

Plaintiff responds that the survivability of plaintiff's bad faith claim is controlled by the general survival provisions of Tenn. Code. Ann. § 20-5-102, which states in pertinent part:

No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived; nor shall any right of action arising hereafter based on the wrongful act or omission of another, except actions for wrongs affecting the character, be abated by the death of the party wronged . . . .

*Id.* The court agrees with the plaintiff that the plain language of this statue provides that it applies to all actions except those actions for "wrongs affecting character." A bad faith claim does not affect the character of the plaintiff. Therefore, the court finds that Tenn. Code Ann. § 20-5-102 controls, and the plaintiff's bad faith claim survives her death.

Rule 15(a)(2), Federal Rules of Civil Procedure states "A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In deciding whether to grant a motion to amend, "courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers*, 427 F.3d 996, 1001 (6th Cir. 2005). Here, the court finds that justice requires that plaintiff be granted leave to amend to the complaint to add a claim for bad faith pursuant to Tenn. Code. Ann. § 56-7-105. Although there has been delay in plaintiff's moving to add the claim, the parties in this case have not engaged in discovery, so there is little prejudice to defendant in allowing the amendment. Accordingly, plaintiff's motion to amend [Doc. 27] is **GRANTED.**

6

## V.  Conclusion

For the foregoing reasons, defendant's motion to dismiss [Doc. 14] is **DENIED**; plaintiff's motion to substitute Edward G. White III, Administrator At Litem of the Estate of Carolyn L. Daniels as the plaintiff in this case [Doc. 25] is **GRANTED;** and plaintiff's motion to amend complaint [Doc. 27] is **GRANTED.**

Plaintiff is **DIRECTED** to file the amended complaint with the Clerk within ten (10) days of entry of this order.

**IT IS SO ORDERED.**

**ENTER:**

_____ s/ Thomas W. Phillips _____
United States District Judge